UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER MILLER,                )
                                   )        Case No. 1:04-CV-1965
        Petitioner,                )
                                   )
        v.                         )        JUDGE ANN ALDRICH
                                   )
MARGARET BRADSHAW,                 )        Magistrate Judge
                                   )        James S. Gallas
        Respondent.                )
                                   )        MEMORANDUM AND ORDER
                                   )
                                   )

        This is a petition for habeas relief under 28 U.S.C. § 2254.  For the reasons discussed below,

Miller's petition is denied.

## I.      Factual Background

Petitioner Christopher Miller is currently serving a 40-year sentence in state prison for his conviction

on counts of intimidation, aggravated burglary, kidnapping, aggravated robbery, felonious assault and

two counts of complicity to rape.  Miller subsequently exhausted his remedies under state law.

        Miller filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, listing nine

grounds for relief [Doc. No. 1].  The petition was referred to Magistrate Judge James Gallas for a report

and recommendation ("R&R"), who recommended on August 28, 2007 that Miller's petition be denied

[Doc. No. 15].  On October 4, 2007, Miller filed his objections to the R&R on all nine of the grounds

stated in his habeas petition [Doc. No. 17].

        Miller's habeas petition presents the following nine grounds for relief:

1. Ground One: Sixth Amendment
   Supporting Facts: Petitioner was denied his Sixth Amendment right to counsel when the trial court failed to make an adequate inquiry as to the dissatisfaction of petitioner with court-appointed counsel.

2. Ground Two: Fourteenth Amendment
   Supporting Facts: Petitioner was denied due process of law when the court overruled the suggested [sic] pretrial identification procedure in which petitioner was identified by impermissible means.

3. Ground Three: Sixth and Fourteenth Amendments
   Supporting Facts: Petitioner was denied a fair trial and due process of law when evidence of his past or criminal involvement was intentionally placed before the jury by the prosecution.

4. Ground Four: Sixth and Fourteenth Amendments
   Supporting Facts: Petitioner was denied a fair trail and his right to present a defense when the prosecutor was permitted to humiliate a defense witness.

5. Ground Five: Fourteenth Amendment
   Supporting Facts: Petitioner was denied due process of law when the prosecutor was allowed to amend the definition of reasonable doubt. Moreover this error was compounded when the court modified the definition of proof beyond a reasonable doubt. In addition, petitioner was not given any instructions to the exact date of the offense where he had presented alibi evidence and was allowed to be convicted on evidence that the offense was committed on or about a certain date.

6. Ground Six: Fourteenth Amendment
   Supporting Facts: Petitioner was denied due process of law when the court did not completely define all of the elements of intimidation. Moreover, the court did not fully instruct the jury on all the elements of aggravated burglary that needed to be proven by the prosecution. In addition, petitioner was allowed to be convicted as an aider and abettor without proof or the necessity of proving a culpable mental state.

7. Grounds Seven: Fourteenth Amendment
   Supporting Facts: Petitioner was denied due process of law when he was convicted of the offense where evidence presented by the prosecution would not prevent a rational factfinder to return a verdict of guilty.

8. Ground Eight: Sixth Amendment
   Supporting Facts: Petitioner was denied effective assistance of trial counsel where through errors and omissions his right to a fair trial had been prejudiced.

9.      Ground Nine: Fourteenth Amendment
        Supporting Facts: Petitioner was denied due process of law and a fair trial where
        exculpatory information was suppressed by the prosecution.

## II.      Standard of Review

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the

magistrate judge's disposition to which specific objections have been made.  Accordingly, Local Rule

72.3 (b) requires that objections "specifically identify the portions of the proposed findings,

recommendations, or reports to which objection is made and the basis for such objections."  A district

judge "shall make *de novo* determination of those portions of the report or specified proposed findings

or recommendations to which objection is made and may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the Magistrate Judge." *Id*.  However, "a general objection to

a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement

that an objection be filed.  The objections must be clear enough to enable the district court to discern

those issues that are dispositive and contentious."  *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995).

## III.     Discussion

In his R&R, Magistrate Judge Gallas concluded that all of the claims asserted in Miller's petition

should be denied and his case dismissed.  Miller filed objections to the R & R, raising at least one

objection to the Magistrate Judge's analysis of each of the nine grounds.  All of the "objections" asserted

in the 31-page document, however, were arguments copied verbatim or paraphrased from Miller's

traverse [Doc. No. 14].  These "objections" to the R&R are not objections, but literally re-statements

of arguments Miller included in his traverse, and addressed by a Magistrate Judge in his R & R.  Such

"general objections" do not serve the purposes of Federal Rule of Civil Procedure 72(b), which requires

the Court to conduct a de novo review of the portions of a magistrate judge's R & R to which a party objects, and are equivalent to a failure to object. *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D .Ohio Apr.7, 2006) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the Court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's recommendation, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") (internal citations omitted). Thus, although Miller may be *objecting* to aspects of the R&R, he has not raised *objections* warranting review by this court. With regard to these restated arguments, Miller has failed to make any specific objections to the findings of fact or conclusions of law in the R&R, denying him further review in this court.

## IV.    Conclusion

Although Miller has expressed dissatisfaction with the R&R, he has failed to raise specific objections to the R&R clear enough to enable this court to discern any dispositive and contentious issues. As a result, he has failed to make proper objections, waiving further review in this court of the R&R. Accordingly, this court adopts the well-reasoned and thorough R&R in its entirety, and for the reasons stated therein, denies Miller's petition for habeas corpus relief.

Because the warden has not filed an objection and Miller has failed to file any proper objection, the parties have waived their rights to appellate review.  *Miller*, 50 F.3d at 380.  Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: September 30, 2008**

-5-