UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MILLER., | ) | |
| | ) | Case Nos. 1:04-CV-01965 |
| Petitioner, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | Magistrate Judge James S. Gallas |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before this court is petitioner Christopher Miller's motion [Doc. No. 21] seeking this court's reconsideration of its September 30, 2008 order (the "Order"). In the interest of justice, this court grants Miller's motion for reconsideration and, for the following reasons, affirms its previous decision to deny Miller's petition.

**I.   Motion for Reconsideration**

In the Order, this court adopted Magistrate Judge James S. Gallas' Report and Recommendation ("R&R") because Miller failed to make objections which were "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Moreover, this court found that, in large part, Miller merely restated or copied verbatim arguments previously made and addressed by the magistrate judge. On October 10, 2008, Miller filed the instant petition, making his objections more clearly discernable to this court.

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion pursuant to Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991). The purpose of a motion to alter or amend judgment under Rule 59(e)

is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). In other words, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991).

Generally, there are three situations that justify a district court in altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *Sanders v. Daimler Chrysler Corp.*, No. 3:05 CV 7056, 2008 U.S. Dist. LEXIS 5253, at *2 (N.D. Ohio Jan. 24, 2008). Miller appears to premise his motion to reconsider on the need to correct a clear error of law by demonstrating that he did, in fact, make proper objections to the R&R.

**II.     Discussion**

In his motion for reconsideration, Miller clarified several objections which this court will now address. The rest of his objections continue to raise no significant new case law or legal argument to call into question the magistrate judge's rulings and continue, in large part, to remain indiscernible to this court or to merely restate arguments made in the traverse. Those objections are therefore improper.

*A.     Ground One*

In his first clarified objection, Miller claims that the magistrate judge did not address whether he was denied effective assistance of counsel when the state trial court failed to make an adequate inquiry into his expressed dissatisfaction with his counsel. Rather than analyze whether his counsel was effective, Miller claims, the magistrate judge "improperly analyzed under the rubric of whether petitioner had a 'meaningful relationship' with defense counsel" [Doc. No. 21].

Miller is mistaken. Magistrate Judge Gallas did examine whether Miller was denied effective assistance of counsel. The magistrate judge noted that "the constitution does not require a 'meaningful relationship' between the defendant and defense counsel," *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983), and that "the essential aim of the Sixth Amendment is to guarantee an effective advocate rather than insure that defendant will be represented by a lawyer he prefers." *Wheat v. U.S.*, 486 U.S. 153, 159 (1988) (citing *Morris* , 461 U.S. at 13-14). The magistrate judge concluded with the following finding:

> The Supreme Court has recognized only a limited duty of inquiry when the trial court fails to recognize a potential conflict of interest where the court has knowledge or should have known about this conflict. Miller did not then or now claim that there was a potential conflict of interest. His only claim was essentially an ambiguous dislike of court-appointed counsel. Miller has failed to establish error under § 2254(d).

[Doc. No. 15] (internal citations omitted). Thus, the magistrate judge did analyze whether the conflict cited by Miller was a conflict of interest sufficient to render his appointed counsel's assistance ineffective. Magistrate Judge Gallas properly concluded that it did not.

*B.     Ground Two*

In Miller's second clarified objection, he claims that the magistrate judge erroneously concluded that the transcript cited by Miller contained an error. Miller claims that he "cited from the official trial transcript prepared by the court reporter who was present at the hearing and certified to the accuracy of

the transcript" [Doc. No. 21]. The magistrate judge, however, found that the error upon which Miller relies was corrected in subsequent testimony and by the state court in its findings. Thus, Miller's objection is without merit. Though the official transcript may have contained an error, it is not one upon which he may rely in his habeas petition. *See Pesquera v. Jackson*, No. 06-CV-10186, 2007 WL 2874219, at \*6 (E.D. Mich. Sept. 25, 2007) ("The record reveals that the alleged improper jury instruction was merely a typographical error in the trial transcripts. The jury received appropriate oral and written instructions at the time of trial. Habeas relief is not warranted on this claim.").

### C. *Ground Three*

In his third clarified objection, Miller contends that the magistrate judge incorrectly concluded that "the state's decision finding no actual prejudice due to the [witness'] reference to Miller's prior arrest record was not an 'unreasonable application' of federal law" [Doc. No. 15]. Relying on the holding in *Fry v. Pliler*, 127 S. Ct. 2321 (2007), Miller claims that he is only required to show that the error had a "substantial and injurious effect" on the jury's verdict, not that it resulted in actual prejudice to him. In *Fry*, the court adopted the "'substantial and injurious effect" standard set forth in *Brecht v. Abrahamson*. *See id.* at 2328. In *Brecht*, 507 U.S. 619 (1993), the court found that, under the "substantial and injurious effect" standard, "habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Id.* at 637. Miller's objection is therefore without merit. To show that the testimony had a substantial and injurious effect on his verdict, Miller was required to show that the statement had caused actual prejudice. The magistrate judge properly concluded that Miller had not shown that the statement caused him actual prejudice.

### D.     *Ground Six*

Petitioner objects to the magistrate judge's finding that petitioner's claims concerning the jury instructions were procedurally defaulted. The magistrate judge further found that Miller had not provided any basis to excuse procedural default such as cause, prejudice, or actual innocence. In his objection, Miller argues that the magistrate judge was incorrect because his "claim was interspersed with his claim he was denied effective assistance of counsel" [Doc. No. 21]. Miller fails to note, however, that the magistrate judge found that Miller's counsel was, in fact, effective. Thus, the magistrate judge was correct in finding that Miller had not shown adequate cause for his procedural default.

### E.     *Ground Eight*

Finally, Miller claims that, in evaluating the ineffective assistance of counsel claims, the magistrate judge did not analyze the "particulars of the individual claims" [Doc. No. 21]. The magistrate judge, however, did conclude that Miller had not shown prejudice.

The Supreme Court of the United States in the case of *Strickland v. Washington*, 466 U.S. 668 (1984), clearly established the standard that a petitioner must meet in order to prove ineffective assistance of counsel. The *Strickland* court stated that a petitioner must establish: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. *Id*. at 687. A court need not address these two prongs in any particular order, nor must a court address both prongs if the defendant makes an insufficient showing on one. *Id.* at 697. Because the Magistrate concluded under the second prong that the state court's decision finding no prejudice was not an unreasonable application of clearly established law, he was not obligated to analyze the "particulars of the individual claims" under the first prong.

### III.    **Conclusion**

For the foregoing reasons, this court affirms its previous decision to adopt the R&R in its entirety and denies Miller's petition for a writ of habeas corpus. Further, upon finding that Miller has not made a substantial showing of the denial of a constitutional right, this court declines to issue a certificate of appealability for this order. *See* 28 U.S.C. § 2253(c)(2). Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

      */s/ Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: November 3, 2008**